FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

YSMAEL DE LA ROSA,

Defendant.

---

09-CR-497

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On January 4, 2010, Ysmael De La Rosa plead guilty to Count One of a two-count indictment which charged that on July 5, 2009 the defendant imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

De La Rosa was sentenced on July 12, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 24 and 30 months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $5,000 to $1,000,000. The underlying indictment was dismissed by the court on consent of the government.

De La Rosa was sentenced to 1 year and 1 day's incarceration and 3 years' supervised release. Defendant has been in custody since his arrest on July 8, 2009; he has served the full term of incarceration. He is to be released forthwith. Execution of the sentence is stayed for ten days to allow Immigration and Customs Enforcement to take control for purposes of deportation if appropriate. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The importation of cocaine is a serious offense. The defendant does not have a prior criminal history. He is a young man of some intelligence who had the ambition to attend college for one semester, but was unable to continue due to a lack of funds. He became involved in the importation of cocaine in order to obtain money to assist his mother, who lives on limited means in the Dominican Republic, as well as to be able to afford to continue his college education. Subsequent to his arrest, the defendant attempted to cooperate fully with the government, though the information he provided did not lead to an investigation. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of cocaine will result in a substantial prison sentence. Specific deterrence is achieved through defendant's likely deportation. It is unlikely that he will engage in further criminal activity in light of his efforts to cooperate, his strong connections to his supportive family, and his likely deportation.

Jack B. Weinstein
Senior United States District Judge

Dated: July 12, 2010
Brooklyn, New York